IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:24-cv-02102-JR |
| Plaintiff, | **OPINION & ORDER ADOPTING IN PART F&R AND GRANTING IN PART MOTION TO DISMISS** |
| v. | |
| **PACIFICORP** and **PACIFIC POWER**, | |
| Defendants. | |

Alexis M. Daniel and Thomas Ports, Trial Attorneys, United States Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box. 875, Ben Franklin Station, Washington, DC 20044; and Alexis A. Lien, Assistant United States Attorney, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for Plaintiff.

Jeffrey D. Hern and Sara C. Cotton, Schwabe, Williamson & Wyatt, P.C., 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204; and Douglas J. Dixon, Alison L. Plessman, Rajan S. Trehan, and Varun Behl, Hueston Hennigan LLP, 523 West Sixth Street, Suite 400, Los Angeles, CA 90014. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Dry east winds swept across the Cascades on Labor Day, September 7, 2020, igniting several fires in southern Oregon. In the early morning of September 8, two more fires started along the North Umpqua River in Douglas County. Those fires quickly merged to form the

PAGE 1 – OPINION & ORDER ON F&R AND MOTION TO DISMISS

Archie Creek Fire, which burned over 131,000 acres and was not fully contained until nearly eight weeks later.

Over 67,000 of those acres were federal land, including 26,645 acres of the Umpqua National Forest and 40,429 acres of land administered by the Bureau of Land Management. The United States now brings suit against Defendants Pacific Power, an Oregon electrical utility, and PacifiCorp, its parent company, alleging that Defendants' negligent failure to maintain their power lines caused the fire. Complaint ("Compl."), ECF 1. Plaintiff brings claims for negligence, negligence per se, trespass by fire, common law nuisance, and breach of license. *Id.* ¶¶ 51–91. Plaintiff seeks to recover all costs and damages it incurred because of the fire, a sum it estimates exceeds $900,000,000. Civil Cover Sheet, ECF 1-1.

Defendants move to dismiss Plaintiff's negligence per se and breach of license claims, arguing Plaintiff fails to adequately state either claim. ECF 13. Magistrate Judge Russo issued a Findings and Recommendation ("F&R"), ECF 30, recommending that Defendants' Partial Motion to Dismiss be denied. Defendants filed objections to the F&R, ECF 32, to which Plaintiff responded, ECF 33.

This Court has reviewed de novo the portion of the F&R to which Defendants objected. For the following reasons, this Court adopts in part and declines to adopt in part Judge Russo's F&R, ECF 30. Defendants' Partial Motion to Dismiss, ECF 13, is granted as to Plaintiff's negligence per se claim because, as pled, it fails to state a claim. Judge Russo's F&R is otherwise adopted with clarification.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a

PAGE 2 – OPINION & ORDER ON F&R AND MOTION TO DISMISS

de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The court need not review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). But the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Defendants raise several objections to the F&R's findings on Plaintiff's negligence per se claim. Defendants contend that Plaintiff's Complaint fails to plead sufficient facts to support a negligence per se claim, that the regulations supporting the claim are *ultra vires*, and that Plaintiff lacks authority to enforce those regulations. This Court agrees that the Complaint fails to state a claim for negligence per se. The statutes that the Complaint cites do not define a standard of care sufficient to support a negligence per se claim. Although the regulations that the Complaint cites could define a standard of care, the Complaint fails to allege Defendants violated any of the cited regulations. This Court accordingly dismisses that claim with leave to amend. This Court denies Defendants' other objections to the negligence per se claim.

Defendants also object to the F&R's treatment of Plaintiff's breach of license claim, which seeks to hold Defendants strictly liable for a breach of a license issued by the Federal Energy Regulatory Commission. This Court denies those objections as explained below.

### A. Negligence Per Se

Plaintiff's negligence per se claim contends that Defendants flouted the provisions of various utility safety requirements under Oregon law. Compl., ECF 1 ¶ 60. The Complaint alleges that Defendants are "liable for violating laws, rules, and regulations," including "at least"

PAGE 3 – OPINION & ORDER ON F&R AND MOTION TO DISMISS

two Oregon statutes and four regulations, by "at least failing to operate, patrol, inspect, and/or maintain their power line equipment to prevent wildfires." *Id.* ¶¶ 60–61.

Under Oregon law, a negligence per se claim is "a negligence claim in which the standard of care is expressed by a statute or rule." *Moody v. Or. Cmty. Credit Union*, 371 Or. 772, 781 (2023) (citation omitted); *see Deckard v. Bunch*, 358 Or. 754, 761 n.6 (2016) (explaining that this claim requires a statute or rule that "defines the standard of care expected of a reasonably prudent person under the circumstances"). Pleading a claim requires alleging four elements: (1) defendants violated a statute or rule, (2) the plaintiff was injured as a result, (3) the plaintiff was a "member of the class of persons meant to be protected by the statute," and (4) the "injury plaintiff suffered is of a type that the statute was enacted to prevent." *Moody*, 371 Or. at 781 (citation omitted). A claim based on a violation of administrative rules also requires that the rule not be *ultra vires*. *Ettinger v. Denny Chancler Equip. Co.*, 139 Or. App. 103, 107 (1996).

Defendants challenge the first element, arguing that Plaintiff's Complaint fails to identify specific behavior by Defendants that violated any of the statutes or regulations. Objections, ECF 32 at 4–6. This Court agrees with Defendants that Plaintiff has not adequately pled a claim for negligence per se. The statutes cited in Plaintiff's Complaint are insufficient to sustain a claim of negligence per se. The regulations may support such a claim, but Plaintiff's Complaint does not identify how Defendants violated those regulations. This Court declines to adopt the F&R on this issue and dismisses the negligence per se claim with leave to amend.

Defendants also challenge the third element, arguing that the regulations that form the basis of Plaintiff's claim may not be enforced by Plaintiff, and the fifth element, arguing the regulations are *ultra vires*. This Court denies those objections and adopts the F&R.

1. **Sufficiency of Allegations**

Defendants first object that Plaintiff's negligence per se claim relies on statutes that do not "set forth fixed standards of care," a preliminary requirement of any negligence per se claim. Objections, ECF 32 at 4. Defendants argue that Plaintiff fails to identify specific statutory provisions and specific alleged conduct by Defendants. *Id.* at 4–5. Defendants also contend that the F&R compounded this problem by "reading additional and detailed allegations into the Complaint that Plaintiff did not include." *Id.* at 5. This Court agrees that Plaintiff's Complaint fails to allege a negligence per se claim. The statutes Plaintiff cites do not define a standard of care that could form the basis of a negligence per se claim. Although the regulations could provide such a standard, Plaintiff fails to allege how Defendants violated each regulation. This Court therefore dismisses the negligence per se claim with leave to amend as to a violation of the regulations.

   a. **Statutes**

A negligence per se claim exists when a statute or regulation "so fixes the legal standard of conduct that there is no question of due care left for a factfinder to determine." *Shahtout ex rel. Shahtout v. Emco Garbage Co.*, 298 Or. 598, 601 (1985)). Such a statute or regulation must provide "advance warning of the specific conduct that is prohibited." *Moody*, 371 Or. at 799.

Neither statute Plaintiff cites define a standard of care sufficient to support a negligence per se claim. O.R.S. § 757.020 requires public utilities "to furnish adequate and safe service, equipment and facilities." Plaintiff does not explain how this obligation is distinct from the common law duty of reasonable care, much less how it "so fixes the legal standard of conduct" as to eliminate any question for the jury. *Shahtout*, 298 Or. at 601. The statute does not identify any "specific conduct," *Moody*, 371 Or. at 799, and appears to leave it to the factfinder to identify whether a utility's equipment or facilities are "adequate and safe" in any particular case.

PAGE 5 – OPINION & ORDER ON F&R AND MOTION TO DISMISS

This statute may be relevant evidence that could be considered in determining an appropriate standard of care, *cf., e.g.*, *Robertson v. Burlington N. R.R. Co.*, 32 F.3d 408, 410–11 (9th Cir. 1994) (holding OSHA regulations admissible as "some evidence" of the standard of care, even if a violation did not amount to per se negligence), but the statute does not itself define a standard of care for purposes of a negligence per se claim.

O.R.S. § 757.035(1) empowers the Public Utility Commission to adopt "reasonable rules or regulations" requiring utilities to "construct, maintain and operate every line, plant, system, equipment or apparatus in such manner as to protect and safeguard the health and safety of all employees, customers and the public." This statute is a grant of regulatory authority to the Public Utility Commission; it does not, by itself, prescribe any standard of care for utilities regulated by the Commission. *See Kim v. Multnomah Cnty.*, 328 Or. 140, 153 (1998). Because neither statute can support a negligence per se claim, this Court grants the motion to dismiss the claim to the extent it relies on these statutes. *See* Compl., ECF 1 ¶ 60(a)–(b).

### b. Regulations

The regulations cited in Plaintiff's Complaint impose specific duties upon public utilities. Such regulations may, unlike the statutes, define a standard of care for a negligence per se claim. Plaintiff's Complaint fails, however, to allege how Defendants violated these regulations. The Complaint does not take each regulation individually and explain how Defendants violated them, but broadly alleges that Defendants violated all of them "by at least failing to operate, patrol, inspect, and/or maintain their power line equipment." Compl., ECF 1 ¶ 61.

This is not enough. Adequately pleading a negligence per se claim requires alleging that Defendants violated a regulation that "defines the standard of care expected of a reasonably prudent person under the circumstances." *Deckard v. Bunch*, 358 Or. 754, 761 n.6 (2016).

Plaintiff does not allege that Defendants violated any of the specific requirements of the regulations cited in its Complaint.

Plaintiff alleges that Defendants violated O.A.R. 860-024-0010, which requires utilities to "construct, operate, and maintain electrical supply and communication lines in compliance with" the National Electrical Safety Code ("NESC"). The 2017 version of the NESC is a 405-page book prepared by the Institute of Electrical and Electronics Engineers Standards Association. *See IEEE C2-2017*, IEEE SA Standards Store, https://perma.cc/ME5F-YDYU (archived Aug. 4, 2025).[1] O.A.R. 860-024-0017 requires that utilities perform tree and vegetation work in compliance with the American National Standard for Tree Care Operations, a similarly lengthy code of industry standards adopted by reference into Oregon law. Plaintiff's general allegation that Defendants may have failed to appropriately "operate, patrol, inspect, and/or maintain" their equipment is insufficiently specific to allege a violation of these regulations. To remedy this defect, Plaintiff must at a minimum identify the provisions of these industry standards that it alleges Defendants violated.

The other regulations cited by Plaintiff fare little better. O.A.R. 860-024-0011 requires utilities to conduct various types of inspections of their facilities. From Plaintiff's Complaint, it is unclear whether they allege a violation of subsection (1)(a), which requires compliance with the Commission Safety Rules, or one of the other subsections, which require periodic inspections of certain equipment. Although Plaintiff alleges that a fire started because "Defendants did not fully patrol the distribution line before re-energizing it," Compl., ECF 1 ¶ 48, the Complaint does not identify which subsection of the regulation requires that inspection.

---

[1] This Court may take notice of the National Electrical Safety Code because O.A.R. 860-024-0010 incorporates it by reference into Oregon law. *See Cal.-Pac. Utils. Co. v. United States*, 194 Ct. Cl. 703, 781 n.7 (1971).

PAGE 7 – OPINION & ORDER ON F&R AND MOTION TO DISMISS

Similarly, it is not clear which of the subsections of O.A.R. 860-024-0016, which defines minimum vegetation clearance requirements, forms the basis of Plaintiff's claim. This aspect of Plaintiff's negligence per se claim comes the closest to stating a claim; Plaintiff does allege that Defendants have often violated this regulation, *see* Compl., ECF 1 ¶¶ 17–20, and that the fire resulted from Defendants' "vegetation management failures," *id.* ¶ 50. But Plaintiff again does not identify which specific subsection they are alleging Defendants violated, or how that violation caused the fire at issue.

Plaintiff argues that it need not cite "specific statutory sections" to support a negligence per se claim, contending that case law to the contrary involves statutory torts, not negligence. Response, ECF 33 at 6. This Court does not find the distinction between statutory torts and negligence per se relevant here. Plaintiff's obligation, as on any claim, is to allege sufficient facts to allow this Court to infer Defendants' liability based on the alleged conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires more than "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's Complaint does not contain enough specific factual allegations to establish that Defendants breached the duties imposed by any of the cited regulations. This Court therefore grants the motion to dismiss the negligence per se claim with leave to amend if Plaintiff can allege additional specific facts showing that Defendants violated of any of these regulations.

### 2. Validity of Regulations

A negligence per se claim based on a violation of administrative rules requires that the rules providing the standard of care not be *ultra vires*. *Ettinger v. Denny Chancler Equip. Co.*, 139 Or. App. 103, 107 (1996). An agency's regulations are *ultra vires* when they exceed the agency's statutory authority. *See State ex rel. Hagquist v. U.S. Fid. & Guar. Co.*, 125 Or. 13, 25 (1928). The administrative rules cited in Plaintiff's Complaint were enacted by the Oregon

PAGE 8 – OPINION & ORDER ON F&R AND MOTION TO DISMISS

Public Utility Commission, which is authorized by statute to adopt regulations "for the protection of the health or safety of all employees, customers or the public." O.R.S. § 757.035(1).

Defendants do not argue that the regulations cited in Plaintiff's Complaint are themselves *ultra vires*. Reply, ECF 28 at 10. Instead, they argue that the regulations would be *ultra vires* if read by the Court as implying a private right of action. Objections, ECF 32 at 6–7. Defendants reason that, even if the Public Utility Commission is authorized by statute to adopt the regulations, it is not authorized to impose private liability for violating the regulations. *See* Reply, ECF 28 at 9–11.

Defendants' *ultra vires* objection is misapplied to this case. A regulation need not create a private right of action to sustain a negligence per se claim. "Even when a statute neither expressly nor impliedly gives a person injured by its violation any claim for damages, the injured person may have such a claim under existing common law negligence theories." *Cain v. Bovis Lend Lease, Inc.*, 817 F. Supp. 2d 1251, 1264 (D. Or. 2011) (citing *Shahtout*, 298 Or. at 601). Put differently, Plaintiff may bring a negligence per se claim that relies on the regulations so long as "it is appropriate to treat the [regulation] as a standard of care for purposes of stating a claim for negligence per se," even if the regulation was not intended "to create direct statutory liability." *Moody v. Or. Cmty. Credit Union*, 317 Or. App. 233, 244 (2022). Defendants do not object to the F&R's finding that the regulations "set forth standards of conduct for which a violation can be determined." F&R, ECF 30 at 8. Whether the regulations *also* create a private right of action is beside the point.

### 3. Enforceability of Regulations

The third element of a negligence per se claim requires that the plaintiff be a "member of the class of persons meant to be protected by the statute." *Moody*, 371 Or. at 781 (citation omitted). Defendants contend that the regulations cited in Plaintiff's Complaint are intended to

PAGE 9 – OPINION & ORDER ON F&R AND MOTION TO DISMISS

be enforced only by state or local authorities, Objections, ECF 32 at 7–8 (citing O.R.S. § 756.160), not through private litigation. This Court understands this argument as a challenge to the third element of Plaintiff's claim.

The regulations cited by Plaintiff satisfy this element because they were enacted "for the protection of the health or safety of . . . customers and the public." O.R.S. § 757.035(1). As explained above, "[e]ven when a statute neither expressly nor impliedly gives a person injured by its violation any claim for damages, the injured person may have such a claim under existing common law theories." *Shahtout*, 289 Or. at 601. The Oregon Public Utility Commission and Attorney General are tasked by statute with enforcing the regulations governing public utilities. O.R.S. § 756.160. But this allocation of enforcement authority does not "preclude courts from determining that it is appropriate to treat the enactment as a standard of care for purposes of stating a claim for negligence per se." *Moody*, 317 Or. App. at 244. Defendants do not challenge the F&R's findings that these regulations "set forth standards of conduct for which a violation can be determined beyond a mere duty to act reasonably," ECF 30 at 8, or that Plaintiff is "within the class of entities protected by the regulations," *id.* at 9. This Court therefore denies Defendants' objections to this element of Plaintiff's negligence per se claim.

**B. Strict Liability: Breach of License**

Defendant Pacific Power received a license from the Federal Energy Regulatory Commission ("FERC") on November 18, 2003, allowing it to operate the North Umpqua Project. Compl., ECF 1 ¶ 4 (citing *PacifiCorp*, 105 F.E.R.C. ¶ 61,237 (2003)). The license requires Defendants to do "everything reasonably within its power" to "suppress fires." *Id.* ¶¶ 81–82 (citing Form L-1, 54 F.P.C. 1792 (1975)). Plaintiff brings a claim for breach of license, alleging that "Defendants are strictly liable to the United States for costs and damages caused by the

operation or maintenance of Defendants' power lines and related equipment" under the FERC license and the Federal Power Act. *Id.* ¶ 85.

The F&R recommends allowing this claim to proceed, reasoning that Oregon law permits contracting parties to agree to shift the burden of loss to one of the parties of the contract. ECF 30 at 11–12 (citing *Blanchfill v. Better Builds, Inc.*, 160 Or. App. 527, 534 (1999)). Defendants object that the Federal Power Act does not allow FERC to impose strict liability and that the F&R overlooks both Ninth Circuit and FERC precedent holding otherwise. Objections, ECF 32 at 8–11. This Court denies the objections and adopts the F&R's recommendation with the below clarification on the case law identified by Defendants.

The D.C. Circuit has held that the Federal Power Act does not allow FERC to impose strict liability between a licensee and third parties. *S.C. Pub. Serv. Auth. v. FERC*, 850 F.2d 788, 792 (D.C. Cir. 1988). At issue in that case was whether FERC could create its "own rules of liability for damages caused by licensees" as a condition of license renewal. *Id.* at 795. The Ninth Circuit, in considering an Indian tribe's claims against a FERC licensee, agreed that the Federal Power Act does not create a private right of action or define different rules of liability for FERC licensees. *Skokomish Indian Tribe v. United States*, 410 F.3d 506, 519 (9th Cir. 2005) (en banc).

Were Plaintiff a non-party to the license seeking to bring a tort claim, like the downstream property owners in *South Carolina Public Service Authority* or the tribe in *Skokomish Indian Tribe*, these cases may have some relevance. But Plaintiff is not bringing a tort claim premised on Defendants' alleged breach of their license. Instead, Plaintiff—a party to the license—contends that the license "imposed valid and binding contractual obligations upon Defendants." Compl., ECF 1 ¶ 86. Defendants appear to agree that a FERC license is an

PAGE 11 – OPINION & ORDER ON F&R AND MOTION TO DISMISS

enforceable contract. *See* Partial Motion to Dismiss, ECF 13 at 14 ("[A] breach of license is enforced through an action for breach of contract."). And Plaintiff pleads each element of breach of contract: Plaintiff alleges that it issued a license to Defendants, Compl., ECF 1 ¶ 77, that this license contained certain terms, *id.* ¶¶ 82–84, that Defendants breached those terms, *id.* ¶ 88, and that damages to Plaintiff resulted, *id.* ¶ 89. *See Huskey v. Or. Dep't of Corrs.*, 373 Or. 270, 275 (2025) (elements of breach of contract under Oregon law).[2]

The Complaint alleges that Defendants are "strictly liable to the United States" on this claim. ECF 1 ¶ 85. Contrary to Defendants' objections, *see* Objections, ECF 32 at 8, there is nothing contradictory about stating that Defendants are strictly liable and bringing a claim for breach of contract. "Contract liability *is* strict liability." *CITGO Asphalt Refin. Co. v. Frescati Shipping Co.*, 140 S. Ct. 1081, 1089 (2020) (emphasis in original) (quoting Restatement (Second) of Contracts ch. 11, intro. note (Am. L. Inst. 1979)). Although Defendants state that they challenge only the strict liability theory of the breach of license claim and do not move to dismiss the claim "to the extent that it is based in negligence," Reply, ECF 28 at 16 & n.1, these "fault-based concepts of tort liability" simply "have no place" in contract law, *CITGO Asphalt Refin.*, 140 S. Ct. at 1089. Alleging that Defendants are strictly liable, in the context of Plaintiff's Complaint, follows from the fact that Plaintiff brings a breach of contract claim.

Finally, Defendants point to a FERC order that they characterize as the Commission disclaiming any intent to impose strict liability through its licenses. Objections, ECF 32 at 10–11. This Court does not read the order so expansively. In *Pacific Gas & Electric Co.*, the Commission held that the standard license articles for hydroelectric projects "do not establish the

---

[2] This Court's citation to Oregon contract law should not be read as expressing any opinion on whether Plaintiff's claim is governed by Oregon law or federal common law.

standard of liability to which our licensees are to be held in the event of damages." 115 F.E.R.C. ¶ 61,320 (2006). The Commission's position does not appear to be incompatible with Plaintiff's position that the license is an enforceable contract. Nor does it present any barrier to Plaintiff, as a party to the contract, bringing a breach of contract claim. The standard of liability on Plaintiff's claim in this case is not created by the terms of the license; instead, it is determined by reference to an existing body of contract law.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Russo's F&R to which Defendants objected. Judge Russo's F&R, ECF 30, is adopted in part as specified above. This Court GRANTS in part Defendants' Partial Motion to Dismiss, ECF 13, and dismisses the negligence per se claim with leave to amend. Plaintiff has twenty-one (21) days from the issuance of this Order to file an amended complaint curing its negligence per se claim.

**IT IS SO ORDERED**.

DATED this 26th day of August, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 13 – OPINION & ORDER ON F&R AND MOTION TO DISMISS