**Sara C. Cotton**, OSB #085986
Email: scotton@schwabe.com
**Jeffrey D. Hern**, OSB #043138
Email: jhern@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: (503) 222-9981

**Douglas J. Dixon** (*Pro Hac Vice*)
Email:  ddixon@hueston.com
**Alison L. Plessman** (*Pro Hac Vice*)
Email:  aplessman@hueston.com
**Rajan S. Trehan** (*Pro Hac Vice*)
Email:  rtrehan@hueston.com
**Varun Behl** (*Pro Hac Vice*)
Email:  vbehl@hueston.com
**Joshua Yasmeh** (*Pro Hac Vice*)
Email:  jyasmeh@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340

*Attorneys for Defendants PacifiCorp and Pacific Power*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFICORP and PACIFIC POWER,<br><br>Defendants. | Case No. 3:24-cv-2102-JR<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

Defendants PacifiCorp and Pacific Power (collectively, "Defendants"), for its Answer to Plaintiff the United States of America ("Plaintiff") First Amended Complaint ("Complaint"), states and alleges as follows:[1]

1.

PacifiCorp denies the allegation that the Archie Creek Fire ignited "below Defendants' power line equipment," and further denies that the fire spread due to any act or omission by PacifiCorp. PacifiCorp lacks knowledge or information sufficient to form a belief about the rest of allegations of Paragraph 1, and on that basis denies them.

2.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 2, and on that basis denies them.

3.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 3, and on that basis denies them.

4.

Paragraph 4 asserts duties and characterizes the terms of a federal license and applicable law. These are legal conclusions to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp admits that Pacific Power holds a license issued by the Federal

---

[1] Except as expressly admitted herein, PacifiCorp denies any and all material allegations in the Complaint. PacifiCorp generally and specifically denies each and every, all and singular, conjunctively and disjunctively, allegation contained in the Complaint, and each and every part thereof, and each and every cause of action thereof, and further specifically denies that Plaintiffs have been injured or damaged in the sum alleged, or in any other sum, or at all, by reason of any carelessness, negligence, act, or omission of PacifiCorp. With the exception of the Affirmative Defenses, the numbered paragraphs of this Answer correspond to the paragraphs as numbered in the Complaint. To the extent paragraphs in the Complaint are grouped under headings, PacifiCorp responds generally that such headings and groupings are conclusions of law or fact and denies each and every such allegation made or implied by such headings or groupings.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Regulatory Commission on or about November 18, 2003. PacifiCorp denies any remaining allegations of Paragraph 4.

5.

Paragraph 5 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 5.

6.

PacifiCorp lacks knowledge or information sufficient to form a belief about Plaintiff's specific items of alleged damage and costs referenced in Paragraph 6 and, on that basis, denies the allegations. PacifiCorp denies any remaining allegations of Paragraph 6.

7.

Paragraph 7 includes the Plaintiff's request for relief and does not require a response. To the extent a response is required, PacifiCorp denies the allegations in Paragraph 7.

8.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 8, and on that basis denies them.

9.

PacifiCorp admits that PacifiCorp is an Oregon corporation with its headquarters at 825 NE Multnomah Street, Suite 2000, Portland, Oregon, and that PacifiCorp is a wholly owned subsidiary of Berkshire Hathaway Energy.

10.

PacifiCorp admits that Pacific Power is a registered electric utility doing business in Oregon. PacifiCorp further admits that Pacific Power's headquarters are located at 825 NE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Multnomah Street, Suite 2000, Portland, Oregon. PacifiCorp further admits that on the website
https://www.pacificpower.net/about.html, as of September 2025, PacifiCorp states "At Pacific
Power, we proudly serve 800,000 customers in 243 communities across Oregon, Washington and
California." PacifiCorp denies the remaining allegations of Paragraph 10, including that "Pacific
Power is a wholly owned subsidiary of PacifiCorp"; Pacific Power is an assumed business name
of PacifiCorp, not a separate entity.

11.

PacifiCorp admits that Pacific Power is an assumed business name of PacifiCorp and that
PacifiCorp does business in Oregon as Pacific Power. The remaining allegations of Paragraph 11
are conclusions of law to which no response is necessary or appropriate. To the extent a response
is required, PacifiCorp denies the remaining allegations of Paragraph 11.

12.

Paragraph 12 consists of conclusions of law to which no response is necessary or
appropriate. To the extent a response is required, PacifiCorp admits that it conducts business in
Oregon. To the extent a response is required, PacifiCorp denies the remaining allegations of
Paragraph 12.

13.

Paragraph 13 consists of conclusions of law to which no response is necessary or
appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph
13.

14.

Paragraph 14 consists of conclusions of law to which no response is necessary or
appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

14.

15.

Paragraph 15 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 15.

16.

Paragraph 16 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp admits that Pacific Power holds a license issued by the Federal Regulatory Commission on or about November 18, 2003. PacifiCorp denies the remaining allegations of Paragraph 16.

17.

PacifiCorp denies the allegations of Paragraph 17 on the grounds that the allegations are vague and ambiguous because, among other grounds, they do not identify which findings, orders, or proceedings are being referenced, when such findings allegedly occurred, or how they relate to the events at issue. PacifiCorp denies any allegations involving characterizations of the legal effect of these "findings" or characterizations inconsistent with the text of these of these "findings." To the extent any further response is required, PacifiCorp denies the remaining allegations in Paragraph 17.

18.

PacifiCorp admits that there was a proceeding captioned *In the Matter of PacifiCorp, dba Pacific Power, Request for a General Rate Revision*, Oregon PUC Docket No. UE 374. To the extent any further response is required, PacifiCorp denies the remaining allegations of Paragraph 18.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

19.

PacifiCorp admits that there was a proceeding captioned *In the Matter of PacifiCorp, dba Pacific Power*, *Request for a General Rate Revision*, Oregon PUC Docket No. UE 374. To the extent any further response is required, PacifiCorp denies the remaining allegations of Paragraph 19.

20.

PacifiCorp admits that the OPUC Report No. E20-48R, PacifiCorp (Annual Vegetation Review) was issued in or around July 2020. To the extent any further response is required, PacifiCorp denies the remaining allegations of Paragraph 20.

21.

PacifiCorp denies the allegations of Paragraph 21, including but not limited to any implicit allegations about PacifiCorp's "record of safety violations."

22.

PacifiCorp admits that the Federal Energy Regulatory Commission issued an Order to Show Cause and Notice of Proposed Penalty on April 15, 2021. PacifiCorp denies the remaining allegations of Paragraph 22.

23.

PacifiCorp admits that the Federal Energy Regulatory Commission issued an Order to Show Cause and Notice of Proposed Penalty on April 15, 2021. PacifiCorp denies the remaining allegations of Paragraph 23.

24.

PacifiCorp admits that the Federal Energy Regulatory Commission issued an Order to Show Cause and Notice of Proposed Penalty on April 15, 2021. PacifiCorp denies the remaining

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

allegations of Paragraph 24.

### 25.

PacifiCorp admits that the Federal Energy Regulatory Commission issued an Order to Show Cause and Notice of Proposed Penalty on April 15, 2021. PacifiCorp denies the remaining allegations of Paragraph 25.

### 26.

Paragraph 26 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 26.

### 27.

PacifiCorp admits that the Williams Creek Fire ignited on or about July 28, 2009, along the North Umpqua River Highway 138 E near Glide, Oregon. PacifiCorp lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 27, and on that basis denies them.

### 28.

PacifiCorp admits that Plaintiff previously asserted claims relating to the Williams Creek Fire and that those claims were resolved in 2017 without any admission of liability. PacifiCorp denies the remaining allegations of Paragraph 28.

### 29.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 29, and on that basis denies them.

### 30.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

of Paragraph 30, and on that basis denies them.

31.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 31, and on that basis denies them.

32.

PacifiCorp denies the allegations of Paragraph 32.

33.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 33, and on that basis denies them.

34.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 34, and on that basis denies them.

35.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 35, and on that basis denies them.

36.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 36, and on that basis denies them.

37.

Pacificorp denies the allegation that the Two Four Two Fire ignited after a tree fell onto PacifiCorp's energized power line. PacifiCorp lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 37, and on that basis denies them.

Page 8-    **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

38.

PacifiCorp denies the allegation that the French Creek Fire ignited below PacifiCorp's 115 kV Transmission Line 39, Structures 3/14, 5/12, and 6/12. PacifiCorp lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 38, and on that basis denies them.

39.

PacifiCorp denies the allegation that the French Creek Fire started after equipment on Structure 5/12 failed. PacifiCorp lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 39, and on that basis denies them.

40.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 40 and therefore denies the same.

41.

PacifiCorp admits that Line 42 is connected to Line 39. PacifiCorp denies the remaining allegations of Paragraph 41.

42.

PacifiCorp denies the allegation that the Archie Creek Fire ignited when PacifiCorp's power line equipment located on Line 39 Structure 3/30 failed. PacifiCorp lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 42, and on that basis denies them.

43.

PacifiCorp denies the allegations of Paragraph 43.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone:  503.222.9981

44.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 44, and on that basis denies them.

45.

PacifiCorp denies the allegations of Paragraph 45.

46.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 46 and therefore denies the same.

47.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 47 and therefore denies the same.

48.

PacifiCorp denies the allegations of Paragraph 48.

49.

PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 49 and therefore denies the same.

50.

Paragraph 50 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 50.

51.

In response to Paragraph 51, PacifiCorp incorporates its responses to Paragraphs 1 to 50.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

52.

Paragraph 52 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 52

53.

Paragraph 53 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 53.

54.

Paragraph 54 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 54.

55.

Paragraph 55 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 55.

56.

Paragraph 56 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 56.

57.

Paragraph 57 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone:  503.222.9981

57.

58.

Paragraph 58 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 58.

59.

In response to Paragraph 59, PacifiCorp incorporates its responses to Paragraphs 1 through 58.

60.

Paragraph 60 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 60.

61.

Paragraph 61 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 61.

62.

Paragraph 62 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 62.

63.

Paragraph 63 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

63.

64.

Paragraph 64 consists of conclusions of law to which no response is necessary or appropriate.  To the extent a response is required, PacifiCorp denies the allegations of Paragraph 64.

65.

Paragraph 65 consists of conclusions of law to which no response is necessary or appropriate.  To the extent a response is required, PacifiCorp denies the allegations of Paragraph 65.

66.

Paragraph 66 consists of conclusions of law to which no response is necessary or appropriate.  To the extent a response is required, PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 66 and therefore denies the same.

67.

Paragraph 67 consists of conclusions of law to which no response is necessary or appropriate.  To the extent a response is required, PacifiCorp denies the allegations of Paragraph 67.

68.

Paragraph 68 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 68.

69.

Paragraph 69 consists of conclusions of law to which no response is necessary or

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone:  503.222.9981

appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 69.

70.

Paragraph 70 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 70.

71.

In response to Paragraph 71, PacifiCorp incorporates its responses to Paragraphs 1 through 70.

72.

Paragraph 72 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 72.

73.

Paragraph 73 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 73 and therefore denies the same.

74.

Paragraph 74 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 74.

75.

In response to Paragraph 75, PacifiCorp incorporates its responses to all Paragraphs 1

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

through 74.

76.

Paragraph 76 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 76.

77.

Paragraph 77 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 76.

78.

In response to Paragraph 78, PacifiCorp incorporates its responses to Paragraphs 1 through 77.

79.

Paragraph 80 quotes 16 U.S.C. § 797(e). No response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 79.

80.

Paragraph 80 quotes 16 U.S.C. § 803(c). No response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 80.

81.

PacifiCorp admits that, on or about November 18, 2003, FERC issued a license for the North Umpqua Project to operate the North Umpqua Project No. 1927-0008.

82.

PacifiCorp admits North Umpqua Project No. 1927-0008 is located on the North Umpqua

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone:  503.222.9981

River and the Clear River and Fish Creek in Douglas County. PacifiCorp lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 82 and therefore denies the same.

83.

PacifiCorp admits North Umpqua Project No. 1927-0008 includes Transmission Lines 39, 42, and 46. PacifiCorp denies any remaining allegations of Paragraph 83.

84.

PacifiCorp admits Structure 3/30 on Line 39 is located within North Umpqua Project No. 1927-0008. PacifiCorp denies any remaining allegations of Paragraph 84.

85.

PacifiCorp admits that Plaintiff attached a document labeled "FERC Terms and Conditions of License, Form L-1" as "Exhibit 1." PacifiCorp denies any remaining allegations of Paragraph 85.

86.

PacifiCorp admits Article 22 of the FERC Terms and Conditions of License, Form L-1 that Plaintiff attached as "Exhibit 1" contains the language quoted in Paragraph 86. PacifiCorp denies any remaining allegations of Paragraph 86.

87.

PacifiCorp admits Article 24 of the FERC Terms and Conditions of License, Form L-1 that Plaintiff attached as "Exhibit 1" contains the language quoted in Paragraph 87. PacifiCorp denies any remaining allegations of Paragraph 87.

88.

PacifiCorp admits Article 28 of the FERC Terms and Conditions of License, Form L-1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

contains the language quoted in Paragraph 88.  PacifiCorp denies any remaining allegations of Paragraph 88.

89.

Paragraph 89 consists of conclusions of law to which no response is necessary or appropriate.  To the extent a response is required, PacifiCorp denies the allegations of Paragraph 89.

90.

Paragraph 90 consists of conclusions of law to which no response is necessary or appropriate.  To the extent a response is required, PacifiCorp denies the allegations of Paragraph 90.

91.

Paragraph 91 consists of conclusions of law to which no response is necessary or appropriate.  To the extent a response is required, PacifiCorp lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 91 and therefore denies the same.

92.

Paragraph 92 consists of conclusions of law to which no response is necessary or appropriate.  To the extent a response is required, PacifiCorp denies the allegations of Paragraph 92.

93.

PacifiCorp admits that on or about March 15, 2023, Plaintiff sent PacifiCorp a demand relating to the Archie Creek Fire.  PacifiCorp denies that PacifiCorp is liable to Plaintiff or owes any funds to Plaintiff.  PacifiCorp also denies the amount of costs and damages that Plaintiff contends it suffered in connection with the Archie Creek Fire.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone:  503.222.9981

94.

Paragraph 94 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 94, including subparts a through g.

95.

Paragraph 95 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, PacifiCorp denies the allegations of Paragraph 95.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate any injuries and damages he has allegedly suffered. On information and belief, Plaintiff and/or its agents failed to take reasonable steps to mitigate, delayed in taking such steps, or took steps to compound the alleged damages.

### SECOND AFFIRMATIVE DEFENSE

### (Negligence/Fault of Third Parties)

The injuries and damages alleged in the Complaint were proximately caused in full or in part by the negligence, fault, or wrongful conduct of nonparties.

### THIRD AFFIRMATIVE DEFENSE

### (Contributory/Comparative Negligence)

At all times mentioned herein Plaintiff was or may have been wholly or partially at fault, and conducted themselves so as to contribute partially, substantially, or wholly to their alleged injuries and damages, if any. The fault of Plaintiff bars, in whole or in part, the damages which

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

Plaintiff seeks to recover herein. Among other things, on information and belief, Plaintiff failed to maintain its properties in a fire safe condition.

## FOURTH AFFIRMATIVE DEFENSE

### (Intervening and/or Superseding Cause)

If Plaintiff sustained injuries or incurred expenses as alleged, the injuries or expenses were the result of intervening and/or superseding causes, and not as a result of PacifiCorp's acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

### (Unavoidable Accident / Act of God)

Plaintiff's damages, if any, were caused by an unavoidable accident or Act of God, which PacifiCorp did not control, could not predict, and from which it did not have a duty to protect the Plaintiff. On information and belief, one or more of the alleged ignitions in this case was caused by an unavoidable Act of God, such as a lightning strike.

## SIXTH AFFIRMATIVE DEFENSE

### (Justification/Necessity)

In connection with the acts and omissions alleged by Plaintiff, PacifiCorp was justified in its actions or acting out of necessity; therefore Plaintiff may not recover against PacifiCorp. Among other things, PacifiCorp acted reasonably in the face of urgent requirements to restore power during a historic wind storm in its inspection and reenergization actions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Setoff for Insurance Payments)

Plaintiff may not recover on claims of damages or losses paid as a result of coverage under any applicable policy of insurance.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

## EIGHTH AFFIRMATIVE DEFENSE

### (Setoff for Other Collateral Sources)

Plaintiff is not entitled to double recovery on claims of damages or losses, and Plaintiff may not recover on claims of damages or losses paid by any other sources.

## NINTH AFFIRMATIVE DEFENSE

### (Authorized by Oregon Public Utilities Commission)

The actions and conditions complained of by Plaintiff are expressly authorized by the State of Oregon and the Oregon Public Utilities Commission including, but not limited to, PacifiCorp's vegetation management in the areas at issue, which complied with minimum vegetation clearance requirements set forth in OAR 860-024-0016.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

The Complaint is defective for non-joinder of parties who are necessary and/or indispensable, including, for example, Plaintiff's insurers and any other individual or entities who may have an economic interest in Plaintiff's claims.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Duty to De-Energize)

To the extent Plaintiff's claims rest on PacifiCorp's alleged failure to de-energize its power lines, Plaintiff's claims fail because Oregon law does not impose an affirmative duty in tort to proactively de-energize power lines distinct from PacifiCorp's general obligation under ORS 757.020 to furnish adequate and safe service and under ORS 757.035(1) to construct, maintain, and operate its electrical facilities to protect and safeguard the health and safety of all employees, customers and the public.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone:  503.222.9981

## TWELFTH AFFIRMATIVE DEFENSE

### (Not Within PacifiCorp's Control)

The agency or instrumentality causing the incident was not within PacifiCorp's exclusive management or control.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Industry Standards)

At all relevant times, PacifiCorp acted in conformity with industry standards based upon the state of knowledge existing at the time alleged in the Complaint and therefore, Plaintiff is barred from any recovery in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred, in whole or in part, based on waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches))

Plaintiff's claims are barred, in whole or in part, based on laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Estoppel))

Plaintiff's claims are barred, in whole or in part, based on estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Recovery for Unreasonable or Unlawful Damages)

PacifiCorp denies all liability, and without waiving this denial, alleges that if it is responsible for Plaintiff's injuries, damages, and expenses, PacifiCorp is only obligated to the

Page 21-  **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

extent that such injuries, damages, and expenses are reasonable and lawfully occurred. Until reasonable discovery is completed, PacifiCorp denies that the injuries, damages, and expenses for which these Plaintiff seeks reimbursement are either reasonable or lawfully occurred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Prejudgment Interest, Expert Fees, or Attorney Fees)

The Complaint fails to state a cause of action for which pre-judgment interest or expert fees may be awarded.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations/Repose)

Plaintiff's claims are barred in whole or in part based on the applicable statute of limitations and/or repose.

## RESERVATION OF RIGHT TO AMEND

PacifiCorp reserve the right to interpose further defenses to which it may be entitled as revealed by further proceedings and reserves the right to amend its answer to assert any such defense.

## JURY DEMAND

PacifiCorp requests a trial by jury of all issues so triable in this action.

WHEREFORE, PacifiCorp prays for judgment as follows:

1.      That Plaintiff take nothing by reason of the Complaint herein;

2.      That judgment be entered against Plaintiff and in favor of PacifiCorp;

3.      For costs of suit incurred herein;

4.      For such other and further relief as the Court may deem just and proper.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

DATED: September 30, 2025

SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Jeffrey D. Hern*
    Sara C. Cotton, OSB #085986
    Email: scotton@schwabe.com
    Jeffrey D. Hern, OSB #043138
    Email: jhern@schwabe.com
    Telephone: 503-222-9981

HUESTON HENNIGAN LLP

    Douglas J. Dixon (*Pro Hac Vice*)
    Email: ddixon@hueston.com
    Alison L. Plessman (*Pro Hac Vice*)
    Email: aplessman@hueston.com
    Rajan S. Trehan (*Pro Hac Vice*)
    Email: rtrehan@hueston.com
    Varun Behl (*Pro Hac Vice*)
    Email: vbehl@hueston.com
    Joshua Yasmeh (*Pro Hac Vice*)
    Email: jyasmeh@hueston.com
    Telephone: (213) 788-4340

*Attorneys for Defendants PacifiCorp and Pacific Power*

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of September 2025, I served the foregoing

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the

following parties at the following addresses:

Alexis Lien, OSB # 110569              ☐ Hand Delivery
Email: alexis.lien@usdoj.gov           ☐ Facsimile
Scott E. Bradford, OSB # 062824        ☐ U.S. Mail
Assistant Attorney General             ☐ Overnight Courier
1000 SW Third Avenue, Suite 600        ☐ Email
Portland, OR 97204                     ☒ Electronic Service
Telephone: 503-727-1098                ☐ Other: Courtesy Email

Alexis M. Daniel, In. Bar # 35718-53
Email: alexis.daniel2@usdoj.gov
Thomas Ports, Va. Bar #84321
Email: thomas.ports@usdoj.gov
Brett Shumate
United States Attorney
District of Oregon
Kirk T. Manhardt
Terrance A. Mebane
1100 L. St. NW, Suite 7208
PO Box 875, Ben Franklin Station
Washington, DC 20044
Telephone: 202-307-0488
        *Attorneys for Plaintiff*

DATED this 30th day of September, 2025.

*s/ Jeffrey D. Hern*
Jeffrey D. Hern, OSB #043138

Page 1-   **CERTIFICATE OF SERVICE**